| Chapter 13 Plan | Effective 1/1/2023 |
|---|---|

Debtor 1: **Gary Ge**

Debtor 2 *(Spouse, if filing)*:

**United States Bankruptcy Court - NORTHERN DISTRICT OF CALIFORNIA**

Case Number *(if known)*: **22-50663**

☐ Check if this is an amended plan

☐ Check if this is a post-confirmation modified plan

## Section 1: Notices

<u>Note</u>: In a joint case, reference to a Debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the Northern District of California. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 10 of this plan and you must check "Included" in § 1.4 below. Any nonstandard provision placed elsewhere is ineffective. **Use of this form is mandatory**.

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if <u>both</u> boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.* This may also be accomplished by a separately filed motion as indicated in the applicable section.

| 1.1 | **A provision that limits the amount of a secured claim based on a valuation of the collateral for the claim, see Class 3.** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **A provision that avoids a security interest or lien, see Class 4.** | ☐ Included | ☑ Not Included |
| 1.3 | **A provision that avoids a judicial lien or nonpossessory nonpurchase money lien, see Class 6.** | ☐ Included | ☑ Not Included |
| 1.4 | **Nonstandard provisions, see § 10.** | ☑ Included | ☐ Not Included |

## Section 2: Plan Payments & Length of Plan

**2.1 Debtor will make payments to the Trustee as follows:**

| Dollar Amount | Number of Months | Total |
|---|---|---|
| $5,629.20 | 12 | $67,550.40 |
| | Additional Payments *(see § 2.3)*: | $397,655.48 |
| Estimated Total Months: **12** | **Estimated Total Payments** | $67,550.40 |

**2.2 The initial plan payment to the Trustee is due 30 days after the petition date. After the initial plan payment to the Trustee, regular plan payments must be received by the Trustee not later than the 20th day of each month. Payments will be made from future income in the following manner:**

*Check all that apply:*

☐ Debtor will make payments directly to the Trustee.

☐ Debtor will make payments pursuant to a payroll deduction (wage) order.

☐ Other:

Software Copyright (c) 1996-2023 best Case LLC- www.bestcase.com

| 2.3 | Additional payments |
|---|---|
| | *Check one:* |

☑ None. The rest of this provision need not be completed or reproduced.

## Section 3: Claims

**Need to file proof of claim and determination of classification.** A creditor, including a secured creditor, must file an allowable proof of claim in order to receive disbursements from the Trustee, whether or not this plan mentions the creditor's claim. Unless the court orders otherwise, the Trustee will make distributions only on filed proofs of claim. Unless the court orders otherwise, the proof of claim shall determine the amount and classification of a claim.

## Section 4: Pre-confirmation adequate protection payments to secured creditors

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment.** If applicable, the Trustee will make adequate protection payments under 11 U.S.C. § 1326(a)(1)(C) to parties listed below, beginning as soon as practicable after the creditor files a proof of claim. After confirmation, the Trustee shall make distributions as provided in Sec. 9.4 or Attachment A. Claims shall be paid by Trustee in the order listed below.

| Creditor | Subject property (& est. value if adequate protection) | Monthly Payment |
|---|---|---|
| **Mercedes Benz Financial Services** | 2016 Mercedes Benz GLS450 30080 miles | $890.00 |
| **Toyota Motor Credit** | 2022 Toyota Camry 10090 miles | $750.00 |
| **Toyota Motor Credit** | 2022 Toyota CAMRY 5010 miles | $600.00 |
| **Bank of America** | 1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house $1,750,000.00 | $1,297.00 |
| **Specialized Loan Servicing** | 1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house $1,750,000.00 | $3,245.00 |

## Section 5: Treatment of Claims

**Class 1: Secured claims on which Debtor had defaulted before the petition date. Debtor does not intend to alter terms except to cure arrears**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:**

- **Retention of lien and claimholder's rights.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney's fees, escrow, and collection costs, that became due before the petition date without regard for any acceleration.

- **Cure payments by the Trustee.** Unless a Class 1 creditor agrees to different treatment, the Trustee will make distributions to cure the prepetition arrearage. The Trustee will make monthly payments on each Class 1 claim that include interest on the arrearage at a 0% interest rate unless a different rate is stated below. Each Class 1 creditor shall apply these payments only to the prepetition arrearage. The Trustee shall make no payment to a creditor if there is no allowable filed proof of claim, or whose proof of claim states that the arrearage is $0.00, none, or the like.

- **Postpetition maintenance payments.** Unless specifically noted otherwise in the box below, Debtor, and not the Trustee, shall pay directly to each Class 1 creditor or its agent each payment first becoming due without acceleration after the petition date ("postpetition installments"), as authorized under the applicable agreement and law, but the amount of the postpetition installments shall be determined as if the claim was not in default on the petition date. Each Class 1 creditor must apply the postpetition installments only to the debtor's postpetition obligations.

Software Copyright (c) 1996-2023 Best Case LLC - www.bestcase.com

Case: 22-50663   Doc# 82   Filed: 03/15/23   Entered: 03/15/23 14:09:37   Page 2 of 7

| Creditor | | | Subject property (& est. value if adequate protection) | | Monthly Payment | |
|---|---|---|---|---|---|---|
| Creditor Name | Collateral | Claim Amount | Estimated Arrearage | Interest Rate % | Monthly Arrearage Payment | Start Date (Month/Year) |
| **Bank of America** | **1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house** | $103,874.00 | $1.00 | 0.00% | $0.03 | July 2023 |
| **PLM Loan Management Services ,Inc** | **1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house** | $213,483.00 | $100,000.00 | 0.00% | $2,406.20 | July 2023 |
| **Specialized Loan Servicing** | **1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house** | $593,451.00 | $10,000.00 | 0.00% | $240.62 | July 2023 |

☐ Conduit plan option. If selecting, list Class 1 claims in Attachment A and attach to plan, and select nonstandard provision box in Section 1.4

**Class 2: Secured claims which mature before the projected date of the last payment due under this plan which are intended to be paid in full or any other secured claim that is to be paid in full through the plan by the Trustee**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment.** The claims listed below are secured claims that are expected to be fully paid, with interest, before the last payment is due to the Trustee under this plan, or are secured claims that Debtor seeks to have paid in full through the plan, with interest. Claims will be paid interest at 0% unless otherwise stated below

| Creditor Name | Collateral | Claim Amount | Interest Rate % | Monthly Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|
| **Mercedes Benz Financial Services** | **2016 Mercedes Benz GLS450 30080 miles** | $41,414.00 | 0.00% | $890.00 | |
| **Toyota Motor Credit** | **2022 Toyota Camry 10090 miles** | $48,390.00 | 0.00% | $750.00 | |
| **Toyota Motor Credit** | **2022 Toyota CAMRY 5010 miles** | $38,375.00 | 0.00% | $600.00 | |
| **Fengping Wang** | **1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house** | $0.00 | 0.00% | $0.00 | |
| **Xuefeng Huang** | **1992 Bowers Ave Santa Clara, CA 95051 Residence: Single family house** | $0.00 | 0.00% | $0.00 | |

**Class 3: Secured claims on which Debtor proposes to limit the claim amount to the value of the collateral pursuant to 11 U.S.C. § 506(a) and § 1325 (stripped down)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 4: Secured claims on which Debtor proposes to treat the claim as fully unsecured pursuant to 11 U.S.C. § 506(d), § 1322(b) (2) and § 1325 (voiding liens)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 5: Secured claims excluded from 11 U.S.C. § 506 valuation by the "hanging paragraph" of § 1325(a), which are subject to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) (e.g., "910 Claims")**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 6: Secured claims on which Debtor proposes to limit the claim amount pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 7: Secured claims which Debtor proposes to satisfy by surrender of collateral**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 8: Secured claims on which Debtor was not in default on the petition date. Debtor does not intend to modify the**

**claimant's rights.**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 9: Non-Assigned Priority Domestic Support Obligations - § 507(a)(1)(A) and § 1322(a)(2)**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 10: Assigned Priority Domestic Support Obligations - § 507(a)(1)(B), § 1322(a)(4)**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 11: Priority Taxes - § 507(a)(8), § 1322(a)(2)**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 12: Other Priority Claims**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 13: Nonpriority General Unsecured Claims (Afforded Special Treatment, including co-signed debts)**

| |
|---|
| ☑ None. The rest of this claim provision need not be completed or reproduced. |

**Class 14: Nonpriority General Unsecured Claims**

| |
|---|
| ☐ None. The rest of this claim provision need not be completed or reproduced. |

**Treatment:** Treatment: Allowed claims will be paid by the Trustee, from funds remaining after payment of all other allowed claims, as follows:

*Check One:*

☑ **Payment in full with interest at the Federal Post-Judgment Rate effective on the petition date (3.12%).**

## Section 6: Unclassified Claims and Expenses

**Trustee's Fees.** The Trustee's fees are governed by 28 U.S.C. § 586(e), may change during the course of the case, but cannot exceed 10% of receipts.

**Debtor's attorney fees.**

Debtor's attorney was paid **$2,000.00** prior to the filing of the case. Additional fees **$4800.00** of shall be paid upon court approval. Debtor's attorney will seek approval either by:

☑ complying with General Order 35; or

Debtor's attorney's fees shall be paid **$2,400.00** of each monthly plan payment.

**Other Administrative Expenses.**

**-NONE-** as allowed by 11 U.S.C § 1326(b). Name of party owed:

## Section 7: Executory Contracts and Unexpired Leases

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 8: Vesting of Property of the Estate

Software Copyright (c) 1996-2023 Best Case LLC - www.bestcase.com

Case: 22-50663    Doc# 82    Filed: 03/15/23    Entered: 03/15/23 14:09:37    Page 4 of 7

| Property of the estate (check one): |
|---|
| ☑ Revests in Debtor upon confirmation. Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction. |
| Regardless of vesting of property of the estate:<br>• during the pendency of the case, the Trustee is not required to file income tax returns for the estate or insure any estate and<br>• the court shall be empowered to enforce Bankruptcy Rule 3002.1; and to provide any other relief necessary to effectuate plan, the orderly administration of this case, and the protection of property of Debtor and property of the estate.<br>• |

## Section 9: Miscellaneous Provisions

**9.1 Direct Secured Debt Payments.** Unless the court otherwise orders, if Debtor elects to pay installment payments directly to the lender(s) on real property secured debt that is in default on the filing date, Debtor shall file a declaration under penalty of perjury on each anniversary of the plan's confirmation of having made those payments and shall serve each declaration on the Trustee.

**9.2 Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to Debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**9.3 Effect of relief from automatic and codebtor stays.** As soon as practicable after the Trustee receives notice of an order granting relief from stay, the Trustee shall cease making distributions on all claims secured by such collateral, unless the court orders otherwise.

**9.4 Distribution of plan payment by the Trustee in non-conduit cases.** Debtor's monthly plan payment must be sufficient to pay in full: (a) Trustee's fees, (b) the monthly dividends specified in Section 6 for Debtor's attorney's fees and administrative expenses, (c) the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to the Trustee, the Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in the paragraph above. If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of the above paragraph, such dividends shall be paid pro rata, on account of any of the fees, payments, expenses, and claims within such subpart.

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: first, Debtor's attorney's fees, and administrative expenses in Section 6; second, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; third, priority claims in Classes 9, 10, 11, 12; fourth, unsecured claims in Class 13; and fifth, unsecured claims in Class 14.

## Section 10: Non-Standard Plan Provisions

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in Box 1.4 "Included" in Section 1.***

**Section 7.01 [Modifies Section 2.01]**

    **Debtor will make payments of $5629.20 to the Trustee from August 2022 through July 2023 from his wages.**

    **On or before July 20, 2023, Debtor shall sell or refinance property to pay off secured creditors in full and pay Debtor's unsecured debt and mortgage arrears in full.**

Software Copyright (c) 1996-2023 Best Case LLC - www.bestcase.com

**Section 7.02 [Modifies Section 2.02]**

**Debtor(s) shall sell real property (Property) located at 1992 Bowers Avenue, Santa Clara, California, 95051. Sale shall be completed by July 20, 2023. The fair market value of the Property is estimated at $1,750,000. The sale of this property is expected to realize at least $1,645,000 after costs of sale (estimated at $105,000).**

**Payoff of secured creditors will require $910,808.00.**

**Arrears on debts secured by the Property shall be paid through check exchange with the Chapter 13 Trustee in the amount of $397,655.48. This amount will pay all unsecured claims in the case at 100%.**

**Debtor(s) plan is a non-conduit plan. Debtor shall make post-petition mortgage payments directly on Class 1 claims as described in Section 7.03 and file required declarations as per Section 7.03.**

**The following are all encumbrances of record against the property:**
    **1. First Deed of Trust:    Specialized Loan Servicing**
    **2. Second Deed of Trust: PLM Loan Services**
    **3. Third Deed of Trust:    Bank of America**

**After payment of the foregoing encumbrances and all costs of sale, there will remain the approximate sum of $734,192. The Chapter 13 Trustee is authorized to make a demand upon escrow in an amount sufficient to pay all remaining claims in full.**

**Any portion of Debtor's Attorney's fees that have not been paid by the Trustee at the time of the sale of the Property shall be paid from the proceeds to the extent such funds are available. Debtor shall provide the Chapter 13 Trustee with a certified copy of the escrow closing statement within 7 days of the close of escrow.**

**Section 7.03 [Replaces Section 3.07(c)]**

**a. Debtor shall make the following post-petition payments to Specialized Loan Servicing, PLM Loan Services, and Bank of America in accordance with the applicable terms of the underlying promissory note or other obligation.**

**b. The Chapter 13 Trustee shall not make any such post-petition monthly payments under § 5.02 of the Plan to the above named secured creditors.**

**c. c. After the Plan is confirmed, Debtor shall file with the bankruptcy court quarterly declarations under penalty of perjury stating that Debtor has made his post-petition payments to [name of creditor], and attach to each declaration proper documentary evidence of the payment(s) made. The quarterly declaration for January - March payments shall be filed by April 20th, the quarterly declaration for April - June payments shall be filed by July 20th, the quarterly declaration for July -September payments shall be filed by October 20th, and the quarterly declaration for October - December shall be filed by the following January 20th.**

## Section 11: Signatures

By filing this document, each Debtor signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in form chapter 13 plan, other than any nonstandard provisions included in Section 10, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of Debtor's knowledge, and (d) that Debtor will be able to make all plan payments and otherwise comply with plan provisions. Further, the statements in Attachment(s) A, B, C, and D, if applicable, are true and correct, under penalty of perjury.

| X: **/s/ Gary Ge** | X: |
|---|---|
| **Gary Ge** | |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed On: **March 13, 2023** | Executed On: |

The undersigned certifies under penalty of perjury that the wording and order of provisions in this plan are identical to those contained in the form chapter 13 plan, other than any nonstandard provision included in Section 10.

Software Copyright (c) 1996-2023 Best Case LLC - www.bestcase.com

| X: **/s/ Geoffrey E. Wiggs**<br>**Geoffrey E. Wiggs**<br>　　　　　Signature of Attorney Debtor(s) | Date: **March 13, 2023** | |
|---|---|---|

Software Copyright (c) 1996-2023 Best Case LLC - www.bestcase.com

Case: 22-50663   Doc# 82   Filed: 03/15/23   Entered: 03/15/23 14:09:37   Page 7 of 7